## PROVIDENCE COUNTY.

———————◆———————

JOHN DONNELLY *vs.* JAMES W. BLACKWOOD, Trial Justice of the Justice Court of Providence.

A writ was made returnable to a Justice Court on Thanksgiving Day. The court was not in session on that day, nor was the clerk's office open, whereupon the writ, declaration, and entry fee were pushed under the door of the clerk's office. As the court refused to recognize this mode of entering actions, the plaintiff asked for a writ of *mandamus* to compel the trial justice to try and dispose of the case "according to law and the practice of said Justice Court."

*Held,* that under the statute the Justice Court should have been open for the return of writs and the entry of actions on Thanksgiving Day.

*Held,* further, that as the court was not in session the return of writs and the entry of actions could not be made.

*Held,* further, that the Justice Court having no jurisdiction of an action not entered could not be ordered to try it.

PETITION for a writ of *Mandamus.*

One John Donnelly, November 16, 1880, sued out from the Justice Court of the city of Providence a writ against one John E. Harrington commanding the attachment of personalty and returnable November 25, 1880, Thanksgiving Day. November 25 the court was not in session, and the clerk's office was closed, whereupon the plaintiff's attorney had the writ and declaration and entry fee pushed under the door of the clerk's office. The clerk afterwards marked the entry fee as paid on the papers, and November 29, at the next session of the court for civil business, Donnelly's attorney asked the trial justice to enter the case and proceed in the usual course to dispose of it. The trial justice refused to recognize the case as in court, and Donnelly applied to this court for a writ of *mandamus* to compel him to try and dispose of the case "according to law and the practice of said Justice Court."

Gen. Stat. R. I. cap. 185, § 16, provide :

"Every Justice Court shall be in session for the return of civil process and the transaction of all civil business legally brought before it, at such time and place as designated by the town council of the town, or by the city council of the city, wherein such court

is established, and at such other times as said Justice Court may determine or be adjourned to."

Cap. 31 of the ordinances of the city of Providence provides :

" The court room in the central police station is hereby designated as the place, and Monday and Thursday of each week at nine o'clock in the forenoon, as the times for holding the sessions of the Justice Court of the city of Providence, for the return of civil process and the transaction of civil business."

December 22, 1880. PER CURIAM. The court is of opinion that under the statute of the State and the ordinance of the city of Providence it was the duty of the trial justice of the city to open the Justice Court of the city of Providence for the return of writs and entry of actions in civil cases on Thanksgiving Day; but that nevertheless inasmuch as he did not open the court nor hold any session of it that day, the return of the writs returnable on that day and the entry of the actions were frustrated, and the court now has no jurisdiction of such actions, and consequently cannot properly be directed to try them.    Petition dismissed.

George J. West, for petitioner.